# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CARMEN ORTIZ-TORRES,

        Plaintiff,

v.                                                           Case No. 8:20-cv-1532-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

_____

## OPINION AND ORDER[2]

### I. Status

     Carmen Ortiz-Torres ("Plaintiff"), who originally was found to be disabled by the Social Security Administration ("SSA"), is appealing the SSA's final decision finding that as of October 1, 2016, she was no longer disabled and therefore ineligible for continued supplemental security income ("SSI") benefits. Plaintiff suffers from fibromyalgia, anxiety, depression, asthma, high blood

---

[1]    Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed December 10, 2020; Reference Order (Doc. No. 17), entered December 11, 2020.

pressure, and hypertension. Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed December 10, 2020, at 223.   The original finding of disability was made on July 19, 2011, was applicable as of November 2, 2010, and was based mainly on Plaintiff's mental disorders. Tr. at 222.

The SSA conducted a review of Plaintiff's disability status, see 20 C.F.R. §§ 404.1594(a), 416.994(a), and made an initial determination on October 17, 2016 that Plaintiff was no longer disabled as of October 2016,[3] Tr. at 223-37, 240-43, 244. Plaintiff sought reconsideration. Tr. at 246. On reconsideration, the SSA made the same determination. Tr. at 239. The matter was referred to a State Agency Disability Hearing Officer, who held a hearing on January 4, 2018 and then issued a decision on January 23, 2018 upholding the SSA's earlier determination. Tr. at 260-73; see Tr. at 276-82.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 285. On June 3, 2019, an ALJ held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 196-221. The ALJ issued a Decision on July

---

[3]    The initial decision is dated October 17, 2016, Tr. at 237, but the letter mailed to Plaintiff is dated October 19, 2016, Tr. at 240.

1, 2019, finding that Plaintiff's disability ended on October 1, 2016. Tr. at 176-86.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council, Tr. at 410-11; see Tr. at 5-6, and submitted additional medical evidence in support of the request, Tr. at 2, 10-24, 31-39, 40-101, 102-69. On May 13, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On July 6, 2020, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff makes three arguments on appeal: 1) the ALJ erred in not addressing an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"); 2) the ALJ erred in failing to "propound[] a complete hypothetical question to the VE"; and 3) the Appeals Council erred in failing to discuss whether evidence submitted to it was chronically relevant and in failing to advise Plaintiff that if she "made a new application for benefits within 60 days from the date of its order, the date of the Request for Review would be treated as the filing date of the new claim." Joint Memorandum (Doc. No. 25), filed June 23, 2021, at 7, 10, 14. After a thorough review of the entire

record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

In a cessation of benefits case, "there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability." McAulay v. Heckler, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (citation omitted). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). To make the required finding of medical improvement prior to terminating benefits, an ALJ must "evaluate the medical evidence upon which [the claimant] was originally found to be disabled," and compare it with the newer medical evidence. Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984); see also Simone v. Comm'r of Soc. Sec. Admin., 465 F. App'x 905, 908 (11th Cir. 2012) (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)).

An ALJ typically follows a five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations") when determining whether an individual is disabled,[4] determining as appropriate whether the claimant (1) is

---

[4]    "Disability" is defined in the Social Security Act as the "inability to engage in

currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

When the ALJ is determining whether a disability has ended, however, the Regulations mandate following a different sequential inquiry. See 20 C.F.R. §§ 404.1594(f), 416.994(b). This sequential inquiry asks, in substance, whether the claimant (1) is engaging in substantial gainful activity (for DIB cases; for SSI cases this step is eliminated); (2) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (3) has experienced medical improvement; (4) has experienced medical improvement that is related to the ability to work; (5) has experienced medical

---

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

improvement, but an exception to the medical improvement applies; (6) has current impairments that when considered in combination are severe; (7) can perform past relevant work; and (8) can perform other work that exists in the national economy. <u>See</u> 20 C.F.R. §§ 404.1594(f), 416.994(b). "When considering a case for termination or cessation of benefits, . . . the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the [p]laintiff had experienced 'medical improvement.'" <u>Townsend v. Comm'r of Soc. Sec.</u>, No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015) (unpublished) (emphasis omitted) (citing <u>Simpson v. Schweiker</u>, 691 F.2d 966, 969 (11th Cir. 1982), <u>superseded by statute on other grounds as stated in</u> <u>Elam v. R.R. Ret. Bd.</u>, 921 F.2d 1210, 1214 (11th Cir. 1991); <u>Huie v. Bowen</u>, 788 F.2d 698, 705 (11th Cir. 1986).

Here, the ALJ found as follows:

1. The most recent favorable medical decision finding that [Plaintiff] was disabled is the determination dated July 19, 2011. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, [Plaintiff] had the following medically determinable impairments: affective disorder and anxiety disorder. Affective disorder was found to meet section(s) 12.04 A and B of 20 [C.F.R.] Part 404, Subpart P, Appendix 1.

3. The medical evidence establishes that, since October 1, 2016, [Plaintiff] has had the following medically determinable impairments: fibromyalgia; depressive, bipolar and related disorders; anxiety disorders; and PTSD. These are [Plaintiff's] current impairments.

- 6 -

Tr. at 177-78 (emphasis and citations omitted).

The ALJ then engaged in the rest of the steps in the sequential inquiry. At step two, the ALJ determined that "[s]ince October 1, 2016, [Plaintiff] has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 178 (emphasis and citation omitted).   At step three, the ALJ found that "[m]edical improvement occurred on October 1, 2016." Tr. at 180 (emphasis and citation omitted).

At step four, the ALJ found that Plaintiff's "medical improvement is related to the ability to work because, by October 1, 2016, [Plaintiff's] CPD impairments no longer met or medically equaled the same listing(s) that was met at the time of the CPD." Tr. at 181 (emphasis and citation omitted). At step five, although not explicitly stated, it can be inferred from the Decision that the ALJ found no exceptions apply to the medical improvement. At step six, the ALJ found that "[s]ince October 1, 2016, [Plaintiff] has continued to have a severe impairment or combination of impairments." Tr. at 181 (emphasis and citation omitted).

Then, the ALJ found that as of October 1, 2016, Plaintiff has had the following residual functional capacity ("RFC"):

> [Plaintiff can] lift and carry 20 pounds occasionally and 10 pounds frequently, sit for 6 hours and stand and/or walk for 6 hours. [Plaintiff] can climb ramps and stairs frequently, and never climb ladders, ropes, or scaffolds. [Plaintiff] can never work at unprotected heights, never work in humidity and wetness, never work in or around dust, fumes and pulmonary irritants, in extreme cold or extreme heat, and never work in or around vibration. [Plaintiff] is able to perform simple, routine tasks, make simple work related decisions, able to interact with co-workers, supervisors and the public frequently and able to tolerate changes in the work setting.

Tr. at 182 (emphasis omitted).

At step seven, the ALJ found Plaintiff "does not have past relevant work." Tr. at 185 (some emphasis and citation omitted). The ALJ then proceeded to step eight and, after considering Plaintiff's age ("a younger individual"), education ("limited education"), lack of work experience, and RFC, the ALJ relied on the testimony of the VE and found that "[s]ince October 1, 2016, . . . [Plaintiff] has been able to perform a significant number of jobs in the national economy," Tr. at 185 (some emphasis and citation omitted), such as "Cashier," "Hotel Housekeeper," and "Sales Attendant," Tr. at 186. The ALJ concluded that Plaintiff's "disability ended on October 1, 2016, and [Plaintiff] has not become disabled again since that date." Tr. at 186 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to cessation of disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted).   The key is "whether the [Commissioner's] finding of improvement to the point of no disability is supported by substantial evidence." Simpson, 691 F.2d at 969.   It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080

(11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

### A.    Apparent Conflict Between VE Testimony and DOT

Plaintiff contends the ALJ erred in failing to resolve an apparent conflict between the reasoning level of two of the jobs identified by the VE—cashier and sales attendant—and the description of these jobs in the DOT. Joint Memo at 7-9. Defendant counters that the Court need not reach the issue of any apparent conflict in these jobs and the DOT because the third job identified by the VE—hotel housekeeper—is unchallenged in this regard and carries a reasoning level that is not in apparent conflict with the DOT. Id. at 9-10.

If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1365 (11th Cir. 2018); see also Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315 (11th Cir. 2021); SSR 00-4P, 2000 WL 1898704, at *2. Here, Defendant correctly asserts that the Court need not reach

- 10 -

the issue of whether there are apparent conflicts between the VE's testimony and the DOT as to the cashier and sales attendant jobs because the existence of 134,000 of the hotel housekeeper jobs in the national economy, <u>see</u> Tr. at 186, 218, alone is substantial evidence upon which the ALJ could base the step five findings. This job, carrying a reasoning level of 2 (as opposed to 3 for the others), is not in apparent conflict with the description set forth in the DOT. <u>See</u> <u>Buckwalter</u>, 5 F. 4th at 1319-24. There is no reversible error in this regard.

### B.   Hypothetical to the VE

Plaintiff next contends the ALJ erred in posing a hypothetical to the VE that was too vague on the issue of Plaintiff's alleged exposure to dust, fumes, and pulmonary irritants, or it was misinterpreted by the VE and resulted in erroneous testimony that Plaintiff can perform the job of hotel housekeeper. Joint Memo at 10-12. Defendant counters that the ALJ posed a complete hypothetical and appropriately relied on the VE's testimony, which constituted substantial evidence to support the job findings. <u>Id.</u> at 12-13.

An ALJ poses a hypothetical question to a VE as part of the determination of whether the claimant can obtain work in the national economy. <u>See</u> <u>Wilson</u> <u>v. Barnhart</u>, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the

hypothetical posed to the VE. <u>Brunson v. Astrue</u>, 850 F. Supp. 2d 1293, 1303 (M.D. Fla. 2011) (quoting <u>Corbitt v. Astrue</u>, No. 3:07-cv-518-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)).

In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; <u>see also</u> 20 C.F.R. § 404.1545(a)(2); <u>see also</u> <u>Pupo v. Comm'r, Soc. Sec. Admin.</u>, 17 F.4th 1054, 1064 (11th Cir. 2021) (citing <u>Schink v. Comm'r of Soc. Sec.</u>, 935 F.3d 1245, 1268 (11th Cir. 2019) (per curiam)); <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination" (citing 20 C.F.R. § 404.1545; <u>Reeves v. Heckler</u>, 734 F.2d 519, 525 (11th Cir. 1984))). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." <u>Wilson</u>, 284 F.3d at 1227 (citing <u>Jones v. Apfel</u>, 190 F.3d 1224, 1229 (11th Cir. 1999)); <u>see also</u> <u>Loveless v. Massanari</u>, 136 F. Supp. 2d 1245, 1250 (M.D. Ala. 2001).

Here, the ALJ found as part of the RFC and posed to the VE as part of the hypothetical that Plaintiff could "never work in humidity and wetness and/or around dust, fumes and pulmonary irritants." Tr. at 218 (hypothetical to

VE); <u>see also</u> Tr. at 182 (almost identical RFC in written Decision). Plaintiff contends that the job of hotel housekeeper "is going to be exposed to some dust, otherwise cleaning would not be necessary," and if cleaning products are used, "there is going to be some exposure to fumes and pulmonary irritants." Joint Memo at 12. Plaintiff posits that the ALJ presumably meant Plaintiff could not have "concentrated exposure" to these things, but argues that because it was not explicitly stated, there is reversible error. <u>Id.</u>

Plaintiff does not rely upon or cite any authority for her contentions about the requirements of the hotel housekeeper job, and Plaintiff does not challenge the job as being inconsistent with the description set forth in the DOT (or with the Selected Characteristics of Occupations). <u>See id.</u> Moreover, Plaintiff's counsel had the opportunity to ask the VE questions during the hearing if counsel believed the VE had misinterpreted the ALJ's hypothetical or the ALJ misspoke, but counsel declined to do so. <u>See</u> Tr. at 220. There is no reversible error in this regard.

### C.    Appeals Council Findings and Advisement

Plaintiff's last argument is that the Appeals Council erred in failing to explain why it did not accept the new evidence presented to it, Joint Memo at 14, and in failing to inform Plaintiff that if she "made a new application for benefits within 60 days from the date of [the Appeals Council's] order, the date

of the Request for Review would be treated as the filing date of the new claim," id. at 15. Defendant responds that the Appeals Council is not required to explain in detail its reasons for denying review, and even if the Appeals Council erred in failing to return the evidence and notifying Plaintiff about her rights when filing a new application, Plaintiff has not shown prejudice. Id. at 16-17.

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R. §§ 404.900(b), 416.1400(b). When the Appeals Council is presented with evidence that was not before the ALJ, the Appeals Council must consider the evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b). The Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually." Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)).

If a claimant submits additional evidence to the Appeals Council "that does not relate to the period on or before the date of the [ALJ's Decision] as

- 14 -

required," the Appeals Council must "send [the claimant] a notice that explains why it did not accept the additional evidence and advises [the claimant of his or her] right to file a new application." 20 C.F.R. § 416.1470(c). "The notice will also advise [the claimant] that if [he or she] file[s] a new application within 60 days after the date of the Appeals Council's notice, [the claimant's] request for review will constitute a written statement indicating an intent to claim benefits" and the SSA "will use the date [the claimant] requested Appeals Council review as the filing date of [the] new application." Id.

Here, in denying review, the Appeals Council did not find that Plaintiff's additional evidence did not relate to the relevant period; instead, it found "this evidence does not show a reasonable probability that it would change the outcome of the decision." Tr. at 2. Accordingly, the notice requirements set forth above do not appear to have been triggered. But even if they were, Plaintiff represents she indeed filed a new application for benefits within 60 days of the Appeals Council's Decision. See Joint Memo at 15. Plaintiff does not argue, and the undersigned cannot see, how she could have been prejudiced by the Appeals Council's election not to notify her of the matters set forth above. Finally, to the extent Plaintiff contends the Appeals Council erred in failing to give detailed reasons for denying review, her argument is foreclosed. See Hargress, 883 F.3d at 1309 (citing Mitchell, 771 F.3d at 784).

**V. Conclusion**

The ALJ's Decision is supported by substantial evidence, and the Appeals Council did not reversibly err. Based on the foregoing, it is

**ORDERED:**

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 23, 2022.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

- 16 -